IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRELL MACK,

    Petitioner,

  v.

WARDEN, FCI JESUP,

    Respondent.

CIVIL ACTION NO.: 2:24-cv-134

### REPORT AND RECOMMENDATION

Petitioner Terrell Mack ("Mack"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Mack filed a Response.  Docs. 8, 10.  Respondent filed a Reply.  Doc. 11.  For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Mack's Petition based on his failure to exhaust available remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mack *in forma pauperis* status on appeal.

### BACKGROUND

Mack was convicted in this Court for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 87 months' imprisonment.  Doc. 8-1 at 7.  He has a projected release date on November 20, 2029, via good conduct release.  Id.

In his Petition, Mack asserts that the Honorable William T. Moore, Jr., recommended the Bureau of Prisons ("BOP") credit Mack with time toward his federal sentence for the time he spent in federal custody prior to his sentencing in this Court. Doc. 1 at 2. Specifically, Mack states Judge Moore sentenced him to 87 months in prison, to be served concurrently with any sentence imposed on Mack's then-pending state charges and consecutively to his revocation proceedings. Id. Mack seeks credit against his federal sentence from December 29, 2017 (date of arrest in Chatham County), through August 11, 2023 (commencement of federal sentence). Id. at 3.

Respondent asks this Court to dismiss Mack's Petition because Mack failed to exhaust his administrative remedies regarding the claim he raises in this Petition. Doc. 8 at 2. In addition and in the alternative, Respondent contends that Mack has received all the credit to which he is entitled. Id. at 2–3.

## DISCUSSION

### I. Mack Did Not Exhaust his Available Administrative Remedies Before Filing his Petition

Respondent contends there is no record of Mack having filed any administrative remedy request seeking jail credits. Doc. 8 at 7. In fact, Respondent asserts there is no record that Mack filed any request even at the institutional level with the Warden (BP-9). Id.

Mack states he agrees with Respondent that the administration has no record of his attempt to file administrative remedies. Doc. 10 at 1. However, Mack asserts inmate "orderlies" employed with the Unit team did not properly file his administrative remedies with proper authorities. Id. at 2.

2

### A. Generally, a Petitioner Must Fully Exhaust All Available Administrative Remedies Before Filing a § 2241 Petition

The Eleventh Circuit Court of Appeals has held a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "the exhaustion requirement [is] still a requirement and that courts cannot 'disregard a failure to exhaust . . . .'" Fleming, 631 F. App'x at 842 (citing Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)).

Exhaustion of administrative remedies must occur first in the agency setting to allow "the agency [to] develop the necessary factual background upon which decisions should be based" and to give "the agency a chance to discover and correct its own errors." Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[1]

The United States Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

---

[1] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

3

rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

The Eleventh Circuit has explained—though only in an unpublished opinion—that a § 2241 petitioner need only exhaust "available" administrative remedies. Blevins v. FCI Hazelton Warden, 819 F. App'x 853, 856 (11th Cir. 2020) (citing Ross v. Blake, 578 U.S. 632 (2016)). As a result, a petitioner need not exhaust administrative remedies:

> (1) where despite what regulations or guidance materials may promise, the administrative process operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates, (2) where the administrative process is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it, and (3) where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

Id. (cleaned up); see also Parra-Orona v. Jenkins, No. 1:23-CV-2434, 2024 WL 6083897, at *2 (N.D. Ga. Jan. 16, 2024) (citing Blevins and evaluating the unavailability of administrative remedies in the § 2241 context), adopted by, 2024 WL 6083898 (N.D. Ga. Mar. 26, 2024); Ridling v. Yeager, No. 1:24-CV-01785, 2025 WL 1892707, at *3 (N.D. Ala. June 13, 2025) (same), adopted by, 2025 WL 1885636 (N.D. Ala. July 8, 2025).

Although a petitioner must ordinarily exhaust administrative remedies before filing a § 2241 petition, there are some circumstances where exhaustion may be excused. In McCarthy v. Madigan, the Supreme Court recognized "three broad sets of circumstances" that may justify excusing a claimant from exhausting administrative remedies: (1) when "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action"; (2) when there is "some doubt as to whether the agency was empowered to grant effective relief"; and (3) when "the administrative body is shown to be biased or has otherwise predetermined the issue before it . . . ." 503 U.S. 140, 146–48 (1992) (internal quotation marks

4

omitted), superseded by statute, 42 U.S.C. § 1997e(a).  The Eleventh Circuit has not spoken directly on whether exhaustion can be excused in the § 2241 context under the three McCarthy circumstances but, in an unpublished opinion, has suggested it can be.  See Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020) (suggesting McCarthy should be applied to § 2241 petitions).  District courts in this Circuit have similarly applied McCarthy in the § 2241 context.  See, e.g., Wilson v. Sawyer, No. 4:20-CV-00326, 2020 WL 7346550, at *2 (N.D. Fla. Nov. 13, 2020), adopted by, 2020 WL 7342656 (N.D. Fla. Dec. 14, 2020); Robelo-Galo v. Janson, No. 1:24-CV-00931, 2025 WL 2093409, at *1 (N.D. Ga. Feb. 24, 2025), adopted by, 2025 WL 2093406 (N.D. Ga. Mar. 14, 2025).

    **B.**    **Legal Framework for Evaluating a Motion to Dismiss for Failure to Exhaust Administrative Remedies**

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because exhaustion "ordinarily does not deal with the merits" of a particular cause of action.  Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted).  Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court.  Id.  In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Id. at 1376.

A respondent may raise an inmate-petitioner's failure to exhaust as an affirmative defense.  See Jones, 549 U.S. at 216; Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209.  When so raised, "[respondents] bear the burden of proving that the [petitioner] failed to exhaust his administrative remedies."  Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari v. Robert

5

A. Deyton Det. Ctr., 729 F. App'x 748, 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015); Turner, 541 F.3d at 1082.

In Turner, the Eleventh Circuit laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies.[2]  541 F.3d at 1082.  First, courts "look[] to the factual allegations in the [respondent's] motion to dismiss and those in the [petitioner's] response, and if they conflict, takes the [petitioner's] version of the facts as true."  Id.; see also Bracero v. Sec'y, Fla. Dep't of Corr., No 17-14278, 2018 WL 3861351, at *1 (11th Cir. 2018).  This prong of the Turner test assesses whether there is a genuine dispute of material fact regarding the [petitioner's] failure to exhaust.  Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao, 679 F. App'x at 824.  "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust."  Abram, 759 F. App'x at 860 (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the [petitioner's] allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion.").  After resolving the factual disputes, the court then decides whether, "based on those findings, [respondent has] shown a failure to exhaust."  Bracero, 2018 WL 3861351, at *1 (quoting Whatley I, 802 F.3d at

---

[2]  Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner is no less applicable to a § 2241 proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition); Blevins v. FCI Hazelton Warden, 819 F. App'x at 856 (11th Cir. 2020) (applying Turner in the § 2241 context).

6

1209). Once respondents have shown an administrative remedies procedure exists and the petitioner did not follow the procedure, the petitioner "bears the burden of proving the . . . procedure effectively was unavailable to him." Nuckles v. Yeager, Case No. 1:25-cv-00125, 2025 WL 1490057, at *4 (N.D. Ala. May 22, 2025) (referencing Geter v. Baldwin State Prison, 974 F.3d 1348, 1356 (11th Cir. 2020)).

Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings." Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing Bryant, 530 F.3d at 1376) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record."). However, if the issue of exhaustion is "intertwined with the merits of a claim protected by the Seventh Amendment," parties are entitled to a jury trial on that issue and dismissal is not appropriate. Perttu v. Richards, 605 U.S. ___, 145 S. Ct. 1793, 1800 (2025).

### C. The BOP's Administrative Remedies Procedures

The BOP has established an administrative remedy procedure through which an inmate may seek review of an issue related to any aspect of his imprisonment. 28 C.F.R. § 542.10 *et seq*. The Administrative Remedy Program applies to all inmates incarcerated in penal institutions the BOP operates. Id. § 542.10(b). Under the applicable Regulations, an inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff at the local facility ("BP-8"). Id. § 542.13(a). If this does not resolve the matter, an inmate must submit a formal written administrative remedy request to the Warden

("BP-9") within 20 calendar days of the incident giving rise to the administrative remedy request.  Id. § 542.14(a).  The Warden has 20 days to respond.  Id. § 542.15(a).  If unsatisfied with the Warden's response, an inmate may appeal with the Regional Director ("BP-10") within 20 days of the Warden's response.  Id.  The Regional Director has 30 days to respond.  Id. § 542.18.  If dissatisfied with the Regional Director's response, an inmate may take a final appeal ("BP-11") to the BOP's Central Office, Office of General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the response.  Id. § 542.15(a).  The Central Office has 40 days to respond.  Id. § 542.18.  Appeal to the BOP's Central Office is the final step in the BOP's administrative remedy process.  Id.  If BOP officials cannot respond to the request or appeal within the allotted time, the response time can be extended once: by 20 days at the institutional level, by 30 days at the regional level, or by 20 days at the Central Office level.  Staff are to inform the inmate of the extension in writing.  Id.

An inmate must complete all three steps of the administrative remedies process to have exhausted his administrative remedies.  A submission at any of these levels can be rejected, with notice to the inmate why the submission was rejected and, if correctable, to allow the inmate a reasonable time for re-submission.  Id. § 542.17(b).  Additionally, if an inmate does not receive a response within the allotted time for response at any level, including any extensions, the inmate is to consider the lack of a response to be a denial at that level.  Id. § 542.18.  The BOP uses a system known as "SENTRY to log and track inmate [remedies requests] as they progress through the administrative remedy process."  Jackson v. Gabby, Case No. 3:23-cv-4674, 2024 WL 1515703, at *4 (N.D. Fla. Feb. 28, 2024).

### D. Analysis of Mack's Efforts at Exhaustion

As noted, Respondent contends Mack did not exhaust his administrative remedies before he filed this Petition. Doc. 8 at 7. Indeed, Mack agrees there is no administrative record confirming that he did exhaust his administrative remedies prior to filing his § 2241 Petition. Doc. 10 at 1–2. Thus, the parties' assertions do not create a genuine dispute as to Mack's failure to exhaust his administrative remedies, and Mack's Petition is due to be dismissed. Accepting Mack's assertion as true, which the Court must, the only conclusion is that Mack did not exhaust his administrative remedies before he filed his Petition.

In support of his Motion, Respondent submitted the declaration of Heather Gandy, a management analyst with the BOP, and a printout of Mack's SENTRY records. Doc. 8-1 at 2–3, 10. Ms. Gandy notes that Mack has failed to file any grievances relating to the claims he raises in this Petition; in fact, Ms. Gandy notes that Mack has not filed any administrative remedies while he has been in the BOP's custody. Id. at 3. The SENTRY printout for Mack reveals he has not filed any administrative remedy requests. Id. at 10. Respondent also submitted the declaration of Priscilla Vasquez, a paralegal specialist with the BOP, who sets forth the administrative remedies process and who also notes Mack has not filed any administrative remedies requests. Doc. 11-1 at 2–3. The submitted evidence demonstrates that a remedies process exists and that Mack did not even access or to begin—let alone fully complete—the administrative remedies process for the claims he raises in his Petition.

Mack, however, argues that the inmate "orderlies" failed to properly file his administrative remedy requests and that he has copies of the documents he submitted. Doc. 10 at 2, 4–7. Mack's argument is unconvincing. Mack alleges he submitted a request to staff that is dated August 15, 2024, and a BP-9 (Warden's or institutional level) dated August 28, 2024. Id.

9

at 4, 6.  However, there is no evidence either of these documents were submitted to BOP staff, with which Mack readily agrees.  Id. at 1.  In addition, there is nothing in the Regulations indicating inmate "orderlies" are responsible for submission of remedies requests on behalf of other inmates.  Even if the Court accepted these documents to show Mack attempted to exhaust his administrative remedies—a finding not made—these documents do not show that Mack completed the administrative remedies process before he filed his Petition.  If Mack submitted a BP-9 on August 28, 2024, the Warden had 20 days, or until September 17, 2024, to respond or to seek additional time for response.  28 C.F.R. § 542.15(a).  If no response had been given (or an extension requested) by September 17, 2024, Mack was to consider the lack of response a denial at that level.  Id. & Id. § 542.18.  Mack was to then file a BP-10 (Regional) of that denial.  And, depending on the result of the BP-10, Mack would have had to file a BP-11 (Central Office) appeal.  There is nothing before the Court indicating Mack submitted any request beyond the BP-9 level prior to filing his Petition on December 9, 2024.  Doc. 1.  Mack did not exhaust his administrative remedies before he filed his Petition.

In addition, Mack does not show: (1) that requiring exhaustion would "occasion undue prejudice to subsequent assertion of a court action"; (2) that there is any doubt whether the BOP is "empowered to grant effective relief"; or (3) that the BOP is "biased or has otherwise predetermined the issue before it . . . ."  See Shorter, 803 F. App'x at 336 (citing McCarthy, 503 U.S. at 146–48).  The Court cannot excuse Mack's lack of exhaustion under the circumstances presented.  In sum, Mack did not exhaust his administrative remedies, nor does he show his lack of exhaustion should be excused under McCarthy.

Consequently, the Court should **GRANT** Respondent's Motion and **DISMISS without prejudice** Mack's Petition based on his failure to exhaust his available administrative remedies

prior to the filing of his § 2241 Petition.  It is unnecessary to address the remaining grounds of Respondent's Motion.  Holdago v. United States, Civil Action No.: 5:19-cv-9, 2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019) (finding it unnecessary to address alternative grounds in motion for dismissal where petitioner failed to exhaust his available administrative remedies), adopted by, 2019 WL 6353869 (S.D. Ga. Nov. 26, 2019).

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Mack leave to appeal *in forma pauperis*.  Though Mack has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Mack's Petition based on his failure to exhaust available remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mack *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 22nd day of December, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA